UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY L. MCKINNEY,

    Plaintiff,                                     Case No. 2:20-cv-1450

vs.

DENISE PADDOCK, *et al*.,                District Judge George C. Smith
                                                         Magistrate Judge Michael J. Newman

    Defendants.

## **ORDER AUTHORIZING SERVICE OF *PRO SE* PLAINTIFF'S COMPLAINT**

This civil case is before the Court for a *sua sponte* review -- pursuant to 28 U.S.C. § 1915(e)(2) -- of the complaint filed by *pro se* Plaintiff. *See* doc. 1. Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP") on March 20, 2020 (doc. 1), which the Court granted. *See* doc. 2. The Court, however, held service of the complaint pending review under § 1915(e)(2). *Id*. It is appropriate for the Court to conduct this review *sua sponte* and prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). *See also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997).

Upon review, the Court must dismiss any case it determines is "frivolous or malicious," fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. A plaintiff sets forth no arguable factual basis where the allegations asserted are "fantastic or delusional"; and presents no arguable legal basis when advancing "indisputably meritless" legal theories, *i.e.*, when the defendant is immune from suit, or when the

plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Courts may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii).

In conducting this initial review under § 1915, the Court accepts *pro se* Plaintiff's allegations as true and construes them liberally in his favor. *See Donald v. Marshall*, No. 84-3231, 1985 WL 13183, at *1 (6th Cir. Apr. 5, 1985). However, while *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). To demonstrate grounds for relief, the Federal Rules of Civil Procedure require that "[a] pleading that states a claim for relief must contain[,]" *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). In addition, allegations set forth in a pleading "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

*Pro se* Plaintiff's complaint consists of 43 handwritten pages, wherein he asserts claims against six named Defendants in 156 paragraphs. *See* doc. 1. The Court finds, but does not decide, that the pleading may thus violate Rule 8, for failing to contain a "short and plain statement of the claim[s]" and "simple, concise, and direct" allegations. *See* Fed. R. Civ. P. 8. Nevertheless, noting that "appropriate liberal construction requires active interpretation in some cases to construe [a *pro se* pleading]," *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985), the Court - having fairly and carefully conducted this required initial review - finds that, in the interest of justice, dismissal under 28 U.S.C. § 1915 is neither appropriate nor warranted at this early stage of the litigation. Accordingly, this case should proceed to service of the complaint.

Accordingly, upon receipt of the required forms necessary to effectuate service of process, the U.S. Marshal is **ORDERED** to serve Defendants.  The Court **NOTIFIES** *pro se* Plaintiff of his duty to complete service of process on all Defendants within 90 days from the date of this Order, and **ADVISES** him that his failure to do so may result in the dismissal of this case without prejudice.  *See* Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**

Date:   March 30, 2020                                  /s/Michael J. Newman
                                                                            Michael J. Newman
                                                                            United States Magistrate Judge