IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANTHONY L. MCKINNEY,**

    **Plaintiff,**

                                                                Civil Action 2:20-cv-01450
                                                                Judge Michael H. Watson
    **v.**                                                         Magistrate Judge Elizabeth P. Deavers

**DENISE PADDOCK,** *et al.,*

    **Defendants.**

**OPINION AND ORDER**

This matter is before the Court for consideration of Plaintiff's Motion for Leave to File an Amended Complaint. (ECF No. 31.) Defendants have filed a Response. (ECF No. 32.) Plaintiff has not filed a Reply. For the reasons that follow, Plaintiff's Motion is **DENIED.**

**I.**

Plaintiff, a state inmate currently incarcerated in the Ross Correctional Institution ("RCI"), is proceeding here *pro se* and *in forma pauperis*. (ECF Nos. 1, 3.) Plaintiff's original Complaint, brought pursuant to 42 U.S.C. § 1983, totals 102 pages comprised of 44 hand-written pages and numerous exhibits, and names as defendants six employees of either the London Correctional Institution ("LOCI") or RCI, as well as "hearing officers unknown." (ECF No. 4.) Plaintiff has moved for leave to file an Amended Complaint seeking to add a co-plaintiff, Inmate Brent R. Houdeshell, and to seek damages on Mr. Houdeshell's behalf. (ECF No. 31 at 2 & 43).

**II.**

Generally, pursuant to Rule 15(a), the Court should freely grant a party leave to amend his or her pleadings when justice so requires. Fed. R. Civ. P. 15(a). Rule 15(a) sets forth "a liberal policy of permitting amendments to ensure the determination of claims on their merits." *Oleson v. United States*, 27 Fed. Appx. 566, 569 (6th Cir. 2001) (internal quotations omitted). As the United States Court of Appeals for the Sixth Circuit has noted, "[f]actors that may affect [a Rule 15(a)] determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005). In addition, when considering the issue of prejudice, a court must ask whether allowing amendment would "require the opponent to expend significant additional resources to conduct discovery or prepare for trial" or cause considerable delay in resolving the dispute. *Phelps v. McClennan*, 30 F.3d 658, 662–63 (6th Cir. 1994).

As discussed in the prior order authorizing service (ECF No. 5), the Prison Litigation Reform Act authorizes *sua sponte* review of any complaint in which a prisoner seeks to proceed *in forma pauperis* to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). In the prior Order Magistrate Judge Newman held that all of Plaintiff's claims could proceed. However, because Plaintiff is a prisoner proceeding *pro se*, the Court must re-screen his tendered amended

complaint under the PLRA regardless of whether the amendment is considered under Rule 15. *Nutt v. Seta*, No. 1:19-CV-460, 2020 WL 581837, at *1 (S.D. Ohio Feb. 6, 2020), *report and recommendation adopted*, No. 1:19-CV-460, 2020 WL 1042476 (S.D. Ohio Mar. 4, 2020).

### III.

As noted, Plaintiff's proposed Amended Complaint seeks to add Mr. Houdeshell as a co-plaintiff and to seek damages on Mr. Houdeshell's behalf. (ECF No. 31 at 2 & 43). However, Mr. Houdeshell has not signed the pleading and it appears that Plaintiff intends to proceed on Mr. Houdeshell's behalf. "The Sixth Circuit has made clear that prisoners proceeding *pro se* may not represent other prisoners in federal court." *Falls-Bey v. Cook*, No. 2:17-CV-1103, 2018 WL 306610, at *2 (S.D. Ohio Jan. 5, 2018), *report and recommendation adopted*, No. 2:17-CV-1103, 2018 WL 645988 (S.D. Ohio Jan. 31, 2018) (citing *Marr v. Michigan*, No. 95-1794, 1996 WL 205582, at *1 (6th Cir. Apr. 25, 1996)); *see also Corn v. Sparkman*, No. 95-5494. 1996 WL 185753, at *1 (6th Cir. Apr. 17, 1996) ("A prisoner cannot bring claims on behalf of other prisoners."); *Proctor v. Applegate*, No. 07-12414, 2008 WL 2478331, n.3 (E.D. Mich. June 16, 2008) ("It is well-established that plaintiff Proctor may only represent himself with respect to his individual claims, and may not act on behalf of other prisoners.").

The proposed amendments relating to Mr. Houdeshell aside, the original and proposed amended pleadings are the same. Accordingly, Plaintiff will not be granted leave to amend to add Mr, Houdeshell as a co-plaintiff. If Mr. Houdeshell wishes to seek relief with this Court, he may file his own complaint and seek leave to proceed *in forma pauperis* or pay the filing fee required to commence a civil suit on his own behalf. *See Brown v. Ohio*, No. 17-764, 2018 WL 798881, at *4 (S.D. Ohio Jan. 5, 2018).

### IV.

3

For the reasons set forth above, Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 31) is **DENIED**. For good cause shown, Plaintiff's unopposed motion to extend the discovery and dispositive motion deadlines (ECF No. 33) is **GRANTED**. Discovery shall be completed by May 10, 2021. Dispositive motions shall be filed by June 10, 2021. The parties are **SPECIFICALLY ADVISED** that no further extensions will be granted absent extraordinary cause.

    **IT IS SO ORDERED.**

Date: March 24, 2021                    /s/ Elizabeth A. Preston Deavers
                                              ELIZABETH A. PRESTON DEAVERS
                                              UNITED STATES MAGISTRATE JUDGE