UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| ANTHONY L. MCKINNEY, | : Case No. 2:20-cv-1450 |
| Plaintiff, | : |
| vs. | : District Judge Michael H. Watson |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| DENISE PADDOCK, *et al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION[1]

This matter is presently before the Court upon Declaration of Anthony L. McKinney for Temporary Restraining Order (TRO). (Doc. #53). Plaintiff requests a TRO to ensure his presence at a discovery conference previously requested by Defendants. *Id.*; *see* Doc. #48. Plaintiff alleges, "with out the TRO Defendants are Highly [likely] to Prevent Plaintiff from complying." (Doc. #53, *PageID* #746).

Fed. R. Civ. P. 65 permits a party to a lawsuit to seek injunctive relief if he believes that he will suffer irreparable harm or injury while the suit is pending. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urb. Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000)). In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;
3. Whether an injunction will cause others to suffer substantial harm; and
4. Whether the public interest would be served by a preliminary injunction.

*Leary,* 228 F.3d at 736; *Overstreet*, 305 F.3d at 573.  The same four-factor analysis applies to a motion for temporary restraining order.  *Northeast Ohio Coal. for Homeless & Serv. Emps. Int'l Union v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006).  The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief.  *Leary*, 228 F.3d at 736.

Plaintiff has not alleged facts sufficient to warrant a TRO.  He has not presented any evidence showing either a substantial likelihood of success on the merits of his claims or demonstrating that he will suffer irreparable harm absent a TRO.

Moreover, Plaintiff seeks to attend a discovery conference that Defendants previously requested.  However, the Undersigned has not granted Defendants' Motion for Discovery Conference (Doc. #48) or scheduled a discovery conference.  Plaintiff's request for injunctive relief is improper because he seeks to attend a conference that has not been scheduled.  Therefore, at this stage in the proceedings, Plaintiff's request cannot be met.

Nonetheless, if Defendants' Motion for Discovery Teleconference is granted, the Court will schedule the teleconference so that all parties may participate.

**IT IS THEREFORE RECOMMENDED THAT:**

Declaration of Anthony L. McKinney for TRO (Doc. #53) be DENIED.

August 10, 2021                                                                *s/Peter B. Silvain, Jr.*
                                                                                                 Peter B. Silvain, Jr.
                                                                                                 United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).