**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| ANTHONY L. MCKINNEY, | : | Case No. 2:20-cv-1450 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael H. Watson |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| DENISE PADDOCK, *et al.*, | : | |
| Defendants. | : | |

## ORDER and REPORT AND RECOMMENDATIONS[1]

Plaintiff, Anthony L. McKinney, who is proceeding without the assistance of counsel, brought this civil rights action pursuant to 42 U.S.C. § 1983 against six defendants, comprising of employees of Ross Correctional Institution ("RCI"), where Plaintiff is currently incarcerated, London Correctional Institution ("LOCI"), as well as "hearing officers unknown." (Doc. #4).

### I. Background

This matter came before the Court for a teleconference on November 12, 2021 in order to address a number of pending motions filed by both Plaintiff and Defendants. Plaintiff also requested a copy of the recording of the hearing. (Doc. #68). Plaintiff's request is **GRANTED**. The Clerk of Court is directed to provide a copy of the recording of the hearing to both Plaintiff and Asia McKinney at the address provided by Plaintiff in his request.

### II. Dispositive Motions

The first motion addressed at the hearing was Plaintiff's Motion for Summary Judgment (Doc. #54) and Plaintiff's Supplemental Exhibits (Doc. #67). Under Federal Rule of Civil

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) further requires Plaintiff to identify each claim or defense or part of each claim or defense for which summary judgment is sought. Fed. R. Civ. P. 56(a).  As explained on the record, the Court is unable to discern Plaintiff's legal arguments, causes of action, and defenses for which he is moving for summary judgment.  Furthermore, Plaintiff has not shown that there is a genuine dispute as to any material fact or that he is entitled to judgment as a matter of law.  Accordingly, it is therefore **RECOMMENDED** that Plaintiff's Motion for Summary Judgment (Doc. #54) be **DENIED** without prejudice to renewal.

In Plaintiff's Motion for Entry of Default (Doc. #62), he alleges that Defendants have acted in bad faith in failing to respond to his discovery requests.  However, as explained on the record, the Court finds that Defendants have not acted in bad faith in their attempts to provide responses to the Plaintiff's repeated and unclear discovery requests.  Plaintiff has requested thousands of pages of documents, many of which are not relevant to the outcome of Plaintiff's civil suit.  To the extent that Defendants' responses to Plaintiff's discovery requests are deficient, the Court will address those deficiencies in the context of Plaintiff's numerous motions to compel.  Thus, it is therefore **RECOMMENDED** that Plaintiff's Motion for Entry of Default (Doc. #62) be **DENIED**.

### III.     Discovery Motions

At the November 12, 2021 teleconference, the Court also addressed numerous discovery motions that are pending before the Court. The parties were reminded of the scope of discovery and discretion of the Court to control the discovery process.  In particular, the Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...." Fed.

R. Civ. P. 26(b)(1). With these principles in mind, the Court's disposition of each of these pending discovery motions are outlined below.

### A. Motions to Compel

Between May 25, 2021 and September 7, 2021, Plaintiff filed three motions to compel and an additional "Other Evidence Motion to Compel," all of which allege that Defendants failed to sufficiently respond to his discovery requests. (Doc. #s 40, 43, 59, 44).

In Plaintiff's Motion to Compel Discovery Interrogatories, Production of Documents, and Sanctions (Doc. #40), Plaintiff seeks an order from the Court compelling Defendants to respond to certain discovery requests. Similarly, in Plaintiff's Amended Motion for an Order Compelling Discovery and to Fully Answer Interrogatories (Doc. #43), Plaintiff asserts that Defendants failed to fully answer his interrogatories and requests that the Court compel Defendants to provide complete, non-evasive answers.

In light of similarity in the alleged deficiencies and Plaintiff's request that these two motions be read "hand in hand," (Doc. #43, *PageID* #608), the Court addressed each alleged deficiency in the November 12, 2021 teleconference. While the parties should refer to the teleconference record for the Court's detailed findings on each request, certain reoccurring issues are repeated herein for clarity. In particular, Plaintiff is reminded that he is not entitled to any records pertaining to potential claims sought on behalf of fellow inmate, Brent Houdeshell. In addition to the November 12, 2021 teleconference, this Court has previously instructed Plaintiff that, as a *pro se* party, he is not authorized to bring claims on behalf of anyone other than himself. (*See* Doc. #34, *PageID* #536).[2] Additionally, as discussed on the record, documents and requests

---

[2] *Citing Falls-Bey v. Cook*, No. 2:17-CV-1103, 2018 WL 306610, at *2 (S.D. Ohio Jan. 5, 2018), *report and recommendation adopted*, No. 2:17-CV-1103, 2018 WL 645988 (S.D. Ohio Jan. 31, 2018) (citing *Marr v. Michigan*, No. 95-1794, 1996WL 205582, at *1 (6th Cir. Apr. 25, 1996)); *see also Corn v. Sparkman*, No. 95-5494. 1996 WL

related to Plaintiff's underlying criminal conviction are not relevant to claims alleged in his Complaint. Accordingly, to the extent that Plaintiff seeks to compel discovery from Defendants related to Mr. Houdeshell or Plaintiff's underlying criminal conviction, his motions (Doc. #s 40, 43) are **DENIED**.

Notwithstanding the foregoing, and as set forth more fully on the record, Defendants failed to provide adequate responses to a number of Plaintiff's requests for production of documents and interrogatories. Accordingly, to the extent that the Court found Defendants' discovery responses to be deficient, Plaintiff's motions (Doc. #s 40, 43) are **GRANTED**. Defendants are ordered to provide relevant, non-privileged discovery as set forth in more detail on the record.

Plaintiff also filed a motion to compel with regard to his First Set of Admissions that he propounded upon Defendants. (Doc. #59). However, as discussed on the record, Plaintiff's Request for Admissions (Doc. #46) are not properly framed. As such, Plaintiff is entitled to prepare new Requests for Admissions and serve them upon Defendants. Defendants are to provide Plaintiff and the Court with any responses they have previously prepared. Accordingly, Plaintiff's Motion to Compel Discovery (Doc. #59) is **GRANTED IN PART** and **DENIED IN PART**.

Finally, Plaintiff also filed an "Other Evidence Motion to Compel," (Doc. #44), which appears to attempt to "put the court on notice" as to the significance of certain discovery requests, such as conduct reports, and requests that the Court compel Defendants to provide the requested documents or certify that the documents do not exist. As these issues have been previously

---

185753, at *1 (6th Cir. Apr. 17, 1996) ("A prisoner cannot bring claims on behalf of other prisoners."); *Proctor v. Applegate*, No. 07-12414, 2008 WL 2478331, n.3 (E.D. Mich. June 16, 2008) ("It is well-established that plaintiff Proctor may only represent himself with respect to his individual claims, and may not act on behalf of other prisoners.").

resolved by Plaintiff's prior motions to compel, Plaintiff's Other Evidence Motion to Compel (Doc. #44) is **DENIED AS MOOT**.

### B. Protective Order and Extension of Deadlines

Also pending before the Court are several motions addressing the discovery period and dispositive motion deadline, including Defendants' Motion for Protective Order and to Reset Dispositive Motion Deadline (Doc. #56), Defendants' Second Motion for Protective Order and to Stay Dispositive Motion Deadline until 30 Days Past Resolution of Discovery Dispute (Doc. #60), and Plaintiff's Motion for Fed. R. Civ. P. 56(f) Requesting Stay of Proceedings until Discovery is Complete (Doc. #51).

Due to the protracted discovery disputes in this case, the discovery period and dispositive motion deadline have already been extended on more than one occasion. (*See* Doc. #34; Notation Order dated June 10, 2021). However, as a result of the outstanding discovery motions still pending in the case, Defendants have moved to extend these deadlines and for a protective order prohibiting Plaintiff from propounding any further discovery requests or filing related motions. (Doc. #s 56, 60).

In Defendants' first motion for a protective order, they sought a protective order and to reset the dispositive motion deadline. (Doc. #56). In their second motion, Defendants requested a protective order and to stay the dispositive motion deadline until thirty days after the discovery dispute is resolved. (Doc. #60). Under Federal Rule of Civil Procedure 26, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden of expense ..." Fed. R. Civ. P. 26(c)(1). According to Defendants, Plaintiff's numerous discovery filings are "[c]ausing undue burden and expense to Defendants," thereby warranting a protective order from the Court prohibiting Plaintiff from requesting

5

additional discovery until the Court has had the opportunity to rule on the pending motions.  (Doc. #56, *PageID* #s 1073-76; Doc. #60, *PageID* #s 1096-99).

While the Court appreciates the burden in responding to numerous discovery requests and motions, the Plaintiff has articulated several deficiencies in Defendants' discovery responses for which he is entitled to have rectified.  These deficiencies were detailed in the Court's November 12, 2021 teleconference.  With that being said, the Court also found that many of Plaintiff's requests exceeded the scope of discovery.  Again, the parties should refer to the teleconference record for the Court's detailed findings on each request. Thus, to the extent that Plaintiff continues to request discovery or file motions requesting the Court to compel discovery on issues that the Court has already held to be non-discoverable, Defendants' motions for a protective order (Doc. #s 56, 60) are **GRANTED**.  However, to the extent that Defendants request the Court to issue a general order prohibiting Plaintiff from filing any discovery requests or related motions, regardless of discoverability, their motions (Doc. #s 56, 60) are **DENIED**.

As for the Defendants' requests for extensions, discovery is extended an additional sixty days from the teleconference, until January 11, 2022, to allow for Defendants to provide Plaintiff with responses to the deficient responses identified by the Court.  Further, the dispositive motion deadline is extended for thirty days, until February 10, 2022.

Finally, based on the resolution of the above motions and the extension of the discovery period and dispositive motion deadline, there is no need to stay the proceedings until discovery is complete.  Accordingly, Plaintiff's Motion for Fed. R. Civ. P. 56(f) Requesting Stay of Proceedings until Discovery is Complete (Doc. #51) is **DENIED**.

## IV. Conclusion

For the reasons set forth above and on the record at the November 12, 2021 teleconference, it is **RECOMMENDED** that:

1. Plaintiff's Motion for Summary Judgment (Doc. #54) be **DENIED** without prejudice to renewal; and

2. Plaintiff's Motion for Entry of Default (Doc. #62) be **DENIED**.

It is further **ORDERED** that:

1. Plaintiff's request for a recording of the hearing (Doc. #68) is **GRANTED.** The Clerk of Court is directed to provide a copy of the recording of the hearing to both Plaintiff and Asia McKinney at the address provided by Plaintiff in his request;

2. Plaintiff's motions to compel discovery (Doc. #s 40, 43, and 59) are **GRANTED IN PART** and **DENIED IN PART**;

3. Plaintiff's Other Evidence Motion to Compel (Doc. #44) is **DENIED AS MOOT**;

4. Defendant's motions for protective orders and extension of dispositive motion deadlines (Doc. #s 56 and 60) is **GRANTED IN PART** and **DENIED IN PART**; and

5. Plaintiff's Motion for Fed. R. Civ. P. 56(f) Requesting Stay of Proceedings until Discovery is Complete (Doc. #51) is **DENIED**.

November 23, 2021

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).