UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Anthony L. McKinney,

    Plaintiff,

v.

Denise Paddock, *et al.*,

    Defendants.

Case No. 2:20-cv-1450

Judge Michael H. Watson

Magistrate Judge Silvain, Jr.

## OPINION AND ORDER

Anthony L. McKinney ("Plaintiff"), appearing *pro se*, sues Denise Paddock ("Paddock"), Lieutenant R. Kammer ("Kammer"), Lieutenant Shawn Frye ("Frye"), Sergeant B. Preston ("Preston"), Warden Norman Robinson ("Robinson"), Warden Donnie Morgan ("Morgan"), and unknown individuals (together, "Defendants") in this prisoner civil rights case. Compl., ECF No. 4.

After commencing this action, Plaintiff filed, *inter alia*, a motion for summary judgment and a motion for an entry of default. Mots., ECF Nos. 54, 62. Plaintiff and Defendants also filed various scheduling- and discovery-related motions. Mots., ECF Nos. 40, 43, 44, 46, 51, 59, 60. Magistrate Judge Silvain issued an Order and Report and Recommendation ("R&R") ruling on the scheduling and discovery motions and recommending the Court deny without prejudice Plaintiff's motion for summary judgment and deny with prejudice Plaintiff's motion for entry of default. R&R, ECF No. 69.

The Order and R&R notified the parties of their right to object, and Plaintiff timely objected. Obj., ECF No. 71.

## I. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court reviews *de novo* those portions of the R&R that Plaintiff specifically objected to. Fed. R. Civ. P. 72(b)(3). Pursuant to Federal Rule of Civil Procedure 72(a), the Court will uphold Magistrate Judge Silvain's scheduling and discovery orders unless they amount to clear error or are contrary to law.

## II. ANALYSIS

Plaintiff's objections are separated and addressed below by the applicable standard of review.

### A. Report and Recommendations

Plaintiff objects to the R&R's recommendations that the Court deny without prejudice Plaintiff's motion for summary judgment and deny with prejudice Plaintiff's motion for entry of default. Obj. 1, ECF No. 71.

The objections lack argument, however, and are made "only for the purposes of not waiving Plaintiff[']s right to appeal." *Id.* The only support Plaintiff offers for his objection to either recommendation is the blanket assertion that "defendants failed to defend" the case. *Id.*

These types of general objections to the entirety of the R&R "ha[ve] the same effect[] as would a failure to object," *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991), and, therefore, the Court is not

obligated to conduct a *de novo* review of the R&R. Nonetheless, the Court has reviewed the docket and finds, with respect to Plaintiff's motion for entry of default, that Plaintiff is factually incorrect in arguing Defendants failed to defend this case. Some of Defendants' discovery responses may have been deficient, *see* Order and R&R, ECF No. 69, but Defendants have participated in litigation. This is evidenced by the fact that Defendants filed an Answer, proposed scheduling order, responses to various motions, and various of their own motions prior to Plaintiff moving for an entry of default. ECF Nos. 17, 23, 26, 32, 41, 42, 48, 56, 60. Accordingly, due to the deficiency in the objections and the finding regarding Defendants' participation in litigation, the Court **OVERRULES** Plaintiff's objections to the R&R, **ADOPTS** the R&R, **DENIES WITHOUT PREJUDICE** Plaintiff's motion for summary judgment, and **DENIES** Plaintiff's motion for entry of default.

### B. Discovery Rulings

Plaintiff also objects to certain rulings made by the Magistrate Judge. As noted above, they will be upheld unless clearly erroneous or contrary to law.

First, Plaintiff objects to the ruling that he is not entitled to discover jail records concerning inmate Brent R. Houdeshell ("Houdeshell"). Again, the thrust of the objection is to preserve Plaintiff's "right to appeal any adverse decision, [g]ood or bad, right or wrong, beneficial or non-beneficial[.]" Obj. 2, ECF No. 71. Plaintiff does not cite any case law in support of his objection and rather states only that he "is entitled to Houdeshell[']s documents." *Id.*

The Court **OVERRULES** this objection. Plaintiff has failed to demonstrate error in Magistrate Judge Silvain's ruling that Plaintiff is unable to litigate claims on behalf of other inmates. The ruling was correct. Plaintiff may not litigate claims for or on behalf of Houdeshell. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *Garrison v. Mich. Dept. of Corr.*, Nos. 08-1222, 08-1273, 08-1278, 2009 WL 1491463, at *4 (6th Cir. May 28, 2009) (stating inmate-to-inmate legal assistance is permitted to some extent but "does not extend to representation of other inmates in court"); Op. and Order, ECF No. 34 (denying Plaintiff's motion for leave to file an Amended Complaint that adds Houdeshell as a co-plaintiff because it was not signed by Houdeshell). Further, Plaintiff does not explain in his objections why any documents concerning Houdeshell are relevant to Plaintiff's claims. Because Plaintiff cannot litigate Houdeshell's claims for Houdeshell, and because Plaintiff has not shown how discovery concerning Houdeshell is relevant to Plaintiff's claims, the Court will not set aside Magistrate Judge Silvain's discovery ruling in this regard.

Next, Plaintiff objects to Magistrate Judge Silvain's ruling that the documents and records pertaining to Plaintiff's underlying criminal case are not discoverable because they are irrelevant to Plaintiff's civil lawsuit. Obj. 2, ECF No. 71. He argues that the documents pertaining to his criminal case "are one of the subjects of the complaint that were taken or lost by Defendants, these

documents was to be used for summary Judgment/or trial to demonstrate . . . a non-frivolous claim was frustrated or Impeded. The law requires Mc[K]inney to actually plead the claim[.]" *Id.*

This objection is **OVERRULED**. As Magistrate Judge Silvain explained during the discovery conference, Plaintiff cannot collaterally attack his conviction through this civil lawsuit; that is the purview of habeas. Additionally, Plaintiff argued during the discovery conference that he sought the records from his criminal case in order to use them in the state trial court rather than this lawsuit, but the Court agrees that such a request is irrelevant to this case. Thus, to the extent Plaintiff seeks discovery of documents from his criminal case in order to bring a collateral attack in this lawsuit or to use them in the criminal proceedings, Magistrate Judge Silvain's ruling was not contrary to law.

Plaintiff may, theoretically, assert a denial-of-access-to-the-courts claim in this civil lawsuit. As best the Court can glean from the Complaint and statements made during the discovery conference, at least one of Plaintiff's access-to-the-courts claims in this case is based on the theory that Defendants prevented him from accessing the court during the course of his criminal case (where he attempted to prove his innocence). Compl. ¶¶ 12, 16–30, 66–70, 89–90, 105–06, 133–34 ECF No. 4. *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Plaintiff from raising such a claim in this case. *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019). As such, Magistrate Judge Silvain properly denied discovery of documents from his underlying criminal conviction.

Plaintiff's third objection is not clear. It states only, "Page 3 of 4 To Motion to compel Discovery, and Admissions only for the purposes of not wiving Plaintiffs right to appel or any adverse decision, that amy come about. Further more Plaintiff agrees with the magistrate, [illegible]." Obj. 2, ECF No. 71 (misspellings in original).

Given that Plaintiff specifically states that he "agrees" with Magistrate Judge Silvain, and because the Court cannot discern any basis for this objection, this objection is **OVERRULED**.

Plaintiff's next objection again relates to Houdeshell. He argues that Defendants previously stated in briefing that the documents Plaintiff seeks concerning Houdeshell do not exist. This, Plaintiff contends, is not an argument that Plaintiff is not entitled to the requested documents. Therefore, Plaintiff previously requested the Court order Defendants to certify the non-existence of such documents, but Magistrate Judge Silvain denied that request as moot given his ruling that Plaintiff was not entitled to documents concerning Houdeshell.

The Court construes Plaintiff's objection as requesting a Court order conclusively finding that a conduct report titled LOCI-19-001824 does not exist. *See* Obj. 2–3, ECF No. 71. Plaintiff's objection is **OVERRULED**. Because Plaintiff is not entitled to Houdeshell's conduct report, any request to conclusively find its non-existence is moot. So, the Court will not enter a finding regarding the non-existence of a conduct report involving Houdeshell, nor will the Court require Defendants to certify the non-existence of such a document.

Finally, Plaintiff objects to Magistrate Judge Silvain's partial grant of a protective order to Defendants "but only for the purposes of not waiving plaintiffs right to appeal or should this court give any adverse decision." Obj. 3, ECF No. 71.

Because Plaintiff does not articulate any argument as to why Judge Silvain's partial grant was clearly erroneous, Plaintiff's objection is **OVERRULED**.

### III. CONCLUSION

For the above reasons, Plaintiff's motion for summary judgment, ECF No. 54, is **DENIED WITHOUT PREJUDICE**, and Plaintiff's motion for entry of default, ECF No. 62, is **DENIED WITH PREJUDICE**. Plaintiff's objections to the discovery orders are **OVERRULED**.

The Clerk shall terminate ECF Nos. 54 and 62.

**IT IS SO ORDERED.**

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT