**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | |
|---|---|
| ANTHONY L. MCKINNEY, | : Case No. 2:20-cv-1450 |
| Plaintiff, | : |
| vs. | : District Judge Michael H. Watson |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| DENISE PADDOCK, *et al.*, | : |
| Defendants. | : |

**ORDER**

This case is currently before the Court upon the Plaintiff's Motion for Extension of Time to File Dispositive Motions (Doc. #80); Motion to Compel Discovery and Extension of Time (Doc. #81); Plaintiff's Motion to Stay (Doc. #84); and Plaintiff's "Decleration [sic] for Entry of Default" (Doc. #87).

**I.    Compel Discovery**

Plaintiff asserts in his Motion to Compel Discovery and Extension of Time (Doc. #81) that Defendants failed to comply with this Court's Order compelling discovery. Plaintiff requests that the Court impose sanctions and extend the discovery and dispositive motion deadlines. *Id.* Instead of identifying Defendants' alleged deficiencies, Plaintiff included the text of the Court's Order and Report and Recommendations in his Motion. *Id.*

Federal Rule of Civil Procedure 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection" if a party fails to provide discovery responses. Fed. R. Civ. P. 37(a)(3)(B).

Plaintiff has failed to point to particular discovery requests and Defendants' corresponding responses with sufficient specificity for the Undersigned to be able to assess whether Defendants complied with the Court's Order. *See Ridenour v. Ohio Dep't of Rehab. & Correction*, No. 2:10-CV-00493, 2013 WL 80321, at *1 (S.D. Ohio Jan. 7, 2013), *on reconsideration,* No. 2:10-CV-00493, 2013 WL 2243749 (S.D. Ohio May 21, 2013). Therefore, to the extent Plaintiff seeks to compel discovery, his request is DENIED.[1]

## II.     Extensions of Time

Plaintiff requests in his Motion for Extension of Time that the dispositive motion deadline be extended forty-five days. (Doc. #80). Plaintiff asserts that he needs additional time "to research case authority to the application of facts of this case." *Id.* at 1202. Additionally, he indicates that he has experienced harassment, retaliation, and threats. *Id.*

Furthermore, in Plaintiff's Motion to Stay, he asks that the Court stay the proceedings in order to complete discovery and requests additional time to complete his dispositive motion.[2] (Doc. #84). Plaintiff asserts that he needs additional time because Defendants have failed to properly respond to discovery requests. *Id.* Although Plaintiff styles his request as a "motion to stay," the substance of his Motion leads the Court to construe it as a motion to extend the discovery and dispositive motion deadlines.

There have been numerous requests to extend the discovery and dispositive motion deadlines in this case. In the first Scheduling Order, the discovery deadline was March 10, 2021 and dispositive motion deadline was April 10, 2021. (Doc. #27). Upon Plaintiff's Motion (Doc. #33), the Court extended the discovery deadline to May 10, 2021 and the dispositive motion

---

[1] Plaintiff's request for extension of time is addressed below in conjunction with Plaintiff's other requests for extension of time.
[2] Plaintiff previously filed his Motion for Summary Judgment. (Doc. #83). In his Motion for Summary Judgment, he requests an extension of time "to perfect this document." *Id.* at 1289.

deadline to June 10, 2021. (Doc. #34). Shortly thereafter, Plaintiff filed an unopposed Motion to extend the discovery deadline (Doc. #36), and Defendants filed an unopposed Motion to extend the dispositive motion deadline (Doc. #42). The Court granted both Motions, extending the discovery deadline to July 12, 2021 and the dispositive motion deadline to July 26, 2021. Notation Orders dated June 10, 2021. Upon Defendants' Motions to extend the dispositive motion deadline (Doc. #s 48, 56) and as a result of the discovery conference, the Court extended the discovery deadline to January 11, 2022 and the dispositive motion deadline to February 10, 2022. (Doc. #69).

Federal Rule of Civil Procedure 16 governs modifications to scheduling orders. Pursuant to Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In order to demonstrate good cause, the [movant] must show that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014); *see Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 478 (6th Cir. 2014).

By the time Plaintiff filed his Motion to Compel Discovery and Extension of Time (Doc. #82) on January 24, 2022 and his Motion to Stay (Doc. #84) on March 1, 2022, the discovery deadline had already expired. Plaintiff does not provide any justification for not requesting his extensions prior to the deadline. Having failed to show good cause for extending the discovery deadline, Plaintiff's untimely requests for extension of the discovery deadline in his Motion to Compel Discovery and Extension of Time (Doc. #82) and Motion to Stay (Doc. #84) are DENIED.

Although Plaintiff requested to extend the dispositive motion deadline before it had expired, the Court did not rule on his Motion, and Plaintiff failed to file his dispositive motion

3

within the scheduled deadline. Nevertheless, given his timely request, to the extent that Plaintiff requests that the dispositive motion deadline be extended to February 17, 2021, when he filed his Motion for Summary Judgment, Plaintiff's requests are GRANTED. Accordingly, Plaintiff's Motion for Summary Judgment (Doc. #83) is accepted as filed. However, to the extent that Plaintiff's seeks to extend the dispositive motion deadline beyond that date to "perfect" it, Plaintiff has failed to show good cause for further extensions and his requests are DENIED.

### III. Default Judgment

In Plaintiff's "Decleration [sic] for Entry of Default," he alleges that Defendants failed to comply with the Court's Order to produce documents to Plaintiff. (Doc. #87). He offers a settlement in the amount of $90,000,00, release of Plaintiff from custody of ODRC, return of all documents, and any other relief requested in the complaint. *Id.* 1456-57.

Plaintiff's filing suggests that he seeking default judgment as a discovery sanction under Federal Rule of Civil Procedure 37. Rule 37(b)(2) provides numerous possible sanctions when a party fails to obey a discovery order. The Sixth Circuit Court of Appeals has described entry of a default judgment as the most severe discovery sanction available. *See Grange Mutual Cas. Co. v. Mack,* 270 F. App'x 372, 376 (6th Cir.2008). As the Court explained in *Grange,* such a sanction should be considered only when "1) whether the disobedient party acted in willful bad faith; 2) whether the opposing party suffered prejudice; 3) whether the court warned the disobedient party that failure to cooperate could result in a default judgment; and 4) whether less drastic sanctions were imposed or considered." *Id.* (citing *Bank One of Cleveland, N.A. v. Abbe,* 916 F.2d 1067, 1073 (6th Cir. 1990)).

Plaintiff has failed to demonstrate that any of the above factors are applicable in this case. Accordingly, imposition of default judgment against Defendants is unwarranted, and Plaintiff's request for default judgment (Doc. #87) is DENIED.

4

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion to Compel Discovery and Extension of Time (Doc. #81) is GRANTED, in part, and DENIED, in part;

2. Plaintiff's Motion for Extension of Time to File Dispositive Motions (Doc. #80) is GRANTED, in part, and DENIED, in part;

3. Plaintiff's Motion to Stay (Doc. #84) is GRANTED, in part, and DENIED, in part; and

4. Plaintiff's "Decleration [sic] for Entry of Default" (Doc. #87) is DENIED.

June 17, 2022

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge