UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Anthony L. McKinney,

      Plaintiff,

      v.

Denise Paddock, *et al.*,

      Defendants.

Case No. 2:20-cv-1450

Judge Michael H. Watson

Magistrate Judge Silvain, Jr.

## OPINION AND ORDER

This is a pro se, prisoner civil rights case. This Opinion and Order addresses Anthony L. McKinney's ("Plaintiff") objections to the Magistrate Judge's June 2, 2023 discovery order ("Second Discovery Order") and Plaintiff's objection to the Magistrate Judge's Report and Recommendation regarding summary judgment ("R&R"). Obj., ECF No. 148; Obj., ECF No. 175. For the following reasons, Plaintiff's objections are **OVERRULED**.[1]

### I.    FACTS

At its most basic level, Plaintiff's Complaint alleges the following. While incarcerated, he and another inmate ("Houdeshell") used the prison law library to draft documents in aid of their pro se requests for post-conviction relief. Compl. ¶¶ 11–13, ECF No. 1-1. They drafted documents such as "Common Law

---

[1] The Court strikes Defendants' response, ECF No. 176, for failure to comply with the Undersigned's standing orders regarding page limitations.

Copyright Hold Harmless and Indemnity Security from damage;" "Power of Attorney In Fact;" and "Negative Averment," which Houdeshell was permitted to print and file with various governmental agencies, without incident. *Id.* ¶¶ 14–15.

On March 18, 2019, however, when Plaintiff and Houdeshell attempted to draft and print the same documents for Plaintiff's case, the prison law librarian ("Paddock") accused Plaintiff of being a Sovereign Citizen and told Plaintiff that he was not allowed to have the documents he printed, because they were Sovereign Citizen documents and, as such, violated ODRC Rule 17 (which prohibits unauthorized group activities). *Id.* ¶¶ 16–22. Another correctional officer who was present with Paddock ordered Plaintiff and Houdeshell to Lieutenant Frye's office. *Id.* ¶¶ 24–25.

Lieutenant Frye asked Plaintiff whether he was a Sovereign Citizen and ordered Plaintiff to turn over the documents he had just printed, along with other legal documents Plaintiff had brought to the law library. *Id.* ¶¶ 26–27. Plaintiff refused, but Lieutenant Frye took the documents and concluded they were unauthorized Sovereign Citizen documents. *Id.* ¶¶ 28–30. Accordingly, Lieutenant Frye issued a Rule 17 rules violation to Plaintiff and turned the documents over to the Security Threat Group ("STG"). *Id.* ¶¶ 30–31.

Plaintiff was eventually convicted of the Rule 17 violation despite his assertion that the accompanying conduct report was untimely and otherwise invalid and even though Plaintiff was not given advanced notice of the Rules

Infraction Board ("RIB") hearing, all depriving him of procedural due process. *Id.* ¶¶ 36–38, 44–45, 46–47, 53.

As for the RIB hearing, when Plaintiff was notified of the same, he appeared under protest and objected to the hearing. During Plaintiff's exchange with the RIB, he was handcuffed and placed in solitary confinement. *Id.* ¶¶ 47–49. He alleges that he was illegally subjected to a strip search before entering solitary confinement. *Id.* ¶ 50.

Moreover, Plaintiff alleges that his cell was packed up while he was in solitary confinement, and, during that process, he was found to have violated Rule 51 (possessing more than the permitted amount of materials). *Id.* ¶¶ 66–68.

He was eventually transferred to another institution because he had been labelled a member of a security threat group due to his possession of Sovereign Citizen documents. *Id.* ¶¶ 67–77. Much of Plaintiff's legal property was not provided to him upon transfer, although some of it eventually made its way to Plaintiff at the new institution. *Id.* ¶¶ 77–88.

## II.   STANDARDS OF REVIEW

With respect to the Second Discovery Order, ECF No. 147, the Court will modify or set aside any part of that order that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

The Court determines *de novo*, however, those dispositions of the R&R regarding summary judgment that were properly objected to. Fed. R. Civ. P. 72(b).

## III.   ANALYSIS

### A.   Second Discovery Order

A brief background is helpful to understand Plaintiff's objections to the Second Discovery Order.

In November 2021, the Magistrate Judge held a discovery conference. At that conference, Assistant Ohio Attorney General Lori Duckworth ("Attorney Duckworth") made an oral comment that Plaintiff had been "exonerated" of being a security threat after an investigation by the FBI, ODRC, and other agencies ("Outside Investigation"). That single comment has spurred myriad discovery motions by Plaintiff, who seeks documents relating to the Outside Investigation, despite subsequent assertions by current defense counsel that Attorney Duckworth's oral comment was factually incorrect and that, although there was an *internal* investigation regarding Plaintiff's security threat status, there was no Outside Investigation involving the FBI or other agencies or "exoneration" of the rule violation.

Given the contradiction between Attorney Duckworth's statement and statements by subsequent defense counsel regarding the existence of an Outside Investigation, on February 24, 2023, the Magistrate Judge granted in part some of Plaintiff's motions to compel ("First Discovery Order"). The First Discovery Order compelled Defendant to file, *inter alia*:

> An affidavit . . . outlining (1) the steps [later defense counsel] took to confirm that the FBI or any entity outside of ODRC was not involved in the investigation of Plaintiff's security threat group status; (2) the

circumstances, if any, under which the FBI or any entity outside of ODRC would become involved with a security threat group analysis; (3) the efforts that they and [Attorney] Duckworth undertook to ensure that this case was properly transitioned from [Attorney] Duckworth before [Attorney] Duckworth withdrew as counsel in September 2022; and (4) any attempts, including the use of non-party subpoenas, to contact [Attorney] Duckworth and to resolve any factual misrepresentations that have been made by the Ohio Attorney General's Office to this Court.

Order 15, ECF No. 132.

Plaintiff objected to that Order, Obj., ECF Nos. 135 & 138, and filed additional motions to compel, for sanctions, for disqualification of an attorney due to a conflict of interest, and for certain bonding information. Mots., ECF Nos. 139, 140, 141, & 142.

The Undersigned overruled Plaintiff's objections and denied his motions for sanctions and for bonding information as patently frivolous. Op. and Order, ECF No. 146. As part of that Opinion and Order, the Undersigned referred the matter back to the Magistrate Judge for several procedures, including ruling on Plaintiff's newest discovery motions and stating whether discovery was complete. *Id.* at 6.

The Magistrate Judge issued the envisioned order, ECF No. 147, and it is Plaintiff's objection to that Second Discovery Order which is outstanding.

In the Second Discovery Order, the Magistrate Judge denied Plaintiff's newest motions to compel and for disqualification of defense counsel due to a conflict of interest. Order, ECF No. 147. He also concluded that Defendant had complied with all outstanding discovery obligations and that discovery was therefore complete. *Id.* Specifically, the Magistrate Judge found with respect to

the Outside Investigation that Defendants complied with the First Discovery Order by submitting three affidavits, which, together, dispelled any doubt as to whether there was an Outside Investigation. Order, ECF No. 147. Briefly, a Corrections Warden Assistant had averred that Plaintiff's incident was never referred to an outside agency, Attorney Duckworth averred that she was mistaken during the November 2021 conference when she suggested otherwise, and later defense counsel detailed the steps she took to confirm that there was no Outside Investigation. *Id.* at 6–7. The Magistrate Judge found these three affidavits "credible and sufficient to establish that no such investigation into Plaintiff's security threat group status occurred with the FBI or any entity outside ODRC." *Id.* at 7. As such, the Magistrate Judge denied Plaintiff's motion to compel further discovery regarding the Outside Investigation and declared discovery complete. *Id.*

With that background, the Court turns to Plaintiff's outstanding objections. In his objections to the Second Discovery Order, Plaintiff contends first that he never received the Undersigned's Opinion and Order docketed as ECF No. 146. Obj., ECF No. 148. He therefore requests a copy of ECF No. 146[2] and argues his failure to receive ECF No. 146 in the mail before receiving ECF No. 147 in the mail amounted to a due process violation. *Id.*

---

[2] Plaintiff also requests a copy of the Undersigned's standing orders, ECF No. 148, even though the Second Discovery Order required the Clerk to send Plaintiff a copy of the same. *See* Order at 10 n.3, ECF No. 147.

Second, Plaintiff argues that the Court is forcing him to proceed out of order and imposing discovery deadlines that are too strict. *Id.* He asks for an additional sixty days to file his motion for summary judgment. *Id.*

Third, Plaintiff argues the Magistrate Judge failed to rule on Plaintiff's motion for sanctions and for bonding information. *Id.*

Fourth, Plaintiff argues the Magistrate Judge failed to file a complete transcript of the November 2021 discovery conference and failed to enforce the First Discovery Order to the extent the Magistrate Judge ruled in the Second Discovery Order that Defendant owes no additional discovery regarding the Outside Investigation. *Id.*

Upon review, the Court finds no clear error or conclusion contrary to law in the Second Discovery Order, and Plaintiff's objections to the same are all meritless.

Although Plaintiff complains that he did not timely receive ECF No. 146, the staff notes indicate that a copy of the same was mailed to Plaintiff on the date it was docketed. Although Plaintiff may have received Court mailings "out of order," that problem appears to lie with the postal service or the prison mail system, not the Court. In any event, the Court sent Plaintiff, yet again, a copy of ECF No. 146 and the Undersigned's standing orders prior to the deadline for summary judgment briefs. Order, ECF No. 153. This objection is therefore meritless.

Second, the Magistrate Judge granted Plaintiff an extension of time, until August 30, 2023, to file his summary judgment motion. Order, ECF No. 153. Plaintiff's objection about proceeding out of order and responding to short deadlines is therefore moot.

Third, the Magistrate Judge did not fail to rule on Plaintiff's motion for sanctions or bonding information. The Undersigned ruled on those motions in ECF No. 146.

Fourth, the Court has reviewed the affidavits relied on by the Magistrate Judge; the Magistrate Judge's conclusion about the Outside Investigation was not clearly erroneous or contrary to law. As such, Plaintiff is entitled to no further discovery from Defendant about the Outside Investigation and does not need the November 2021 transcript (which, incidentally, is already on the docket at ECF No. 120). Plaintiff's blanket assertion that the transcript has been improperly redacted is unsupported.

For these reasons, Plaintiff's objections to the Second Discovery Order, ECF No. 148, are **OVERRULED**.

## B.     Summary Judgment

### 1.  R&R

With respect to the pending cross motions for summary judgment, the Magistrate Judge issued an almost fifty-page R&R, recommending the Court grant Defendants' motion for summary judgment on Plaintiff's federal claims—either for failure to exhaust administrative remedies or on the merits—and deny

Plaintiff's motion for summary judgment. R&R, ECF No. 174. The R&R recommended declining to exercise supplemental jurisdiction over Plaintiff's state-law claims. *Id.*

The R&R construed Plaintiff's Complaint as alleging "retaliation and [denial of] access to the courts under the First Amendment, an illegal search and seizure under the Fourth Amendment, cruel and unusual punishment under the Eighth Amendment, slavery under the Thirteenth Amendment, and denial of due process under the Fourteenth Amendment" to the United States Constitution as well as state-law claims for "breach of contract, theft, larceny, extortion, and defamation." R&R 9, ECF No. 174.

The R&R began by clarifying that Plaintiff is not entitled to summary judgment on any claims about the Outside Investigation, because no such claims were made in the Complaint and because the Magistrate Judge had determined there was no genuine dispute of material fact as to whether an Outside Investigation occurred (let alone exonerated Plaintiff of being a member of a security threat group). *Id.* at 7.

The R&R then explained that Plaintiff was not entitled to summary judgment on any claims against new defendants or on his Copyright Infringement claims, because each of those "claims" was likewise raised for the first time in connection with the summary judgment briefing. *Id.* at 8.

Regarding the properly pled claims, the R&R concluded that Plaintiff failed to exhaust his administrative remedies, with respect to every federal claim, prior to filing suit in this Court. *Id.* at 9–19.

Specifically, the R&R concluded that any claim arising out of the law-library incident on March 18, 2019, was escalated through the second step of Ohio's three-step grievance procedure, but Plaintiff failed to complete the required third step. *Id.* at 17. It concluded that any claim based on the conduct report created on April 9, 2019 (officially charging Plaintiff with violating Rule 17 for the documents Plaintiff possessed on March 18, 2019) was unexhausted because Plaintiff completed only step one of Ohio's grievance procedure. *Id.* at 17–18. Finally, any claim based on the pack up of Plaintiff's cell while he was in solitary confinement was unexhausted because Plaintiff did not timely complete step one of the grievance procedure. *Id.* at 18.[3] Therefore, it concluded that each of Plaintiff's properly raised federal claims was unexhausted. *Id.* at 18–19.

Alternatively, the R&R concluded that Plaintiff failed to raise a genuine dispute of material fact on each of the properly pled federal claims such that summary judgment for Defendants is appropriate. *Id.* at 19–42.

Regarding Plaintiff's First Amendment retaliation claim, the R&R concluded that Plaintiff established engagement in protected conduct and various adverse

---

[3] The R&R concluded that Plaintiff properly exhausted the grievance procedure with respect to his dissatisfaction that property was lost during his transfer, but the R&R did not construe the Complaint as raising any federal claims based on the loss of property. *See id.* at 18.

actions but failed to raise a genuine dispute of material fact that any adverse action by any Defendant was causally related to Plaintiff's protected speech. *Id.* at 19–24.

The R&R concluded that Plaintiff's denial of access to the courts claim could be based only on a purported denial of access in Plaintiff's criminal appellate proceedings and, as such, was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Id.* at 24–26.

Concerning Plaintiff's claim that he was subjected to an unconstitutional search and seizure when he was strip searched prior to entering solitary confinement, the R&R concluded that Plaintiff failed even to state a Fourth Amendment claim, let alone raise a genuine dispute of material fact, given that Plaintiff concedes the search was conducted after Plaintiff was found to have possessed contraband and was conducted for the purpose of detecting any additional contraband. *Id.* at 27–29. The R&R also concluded that Plaintiff failed to allege, or offer evidence to prove, that the search was overly intrusive. *Id.*

The R&R recommended also granting summary judgment to Defendants on Plaintiff's Eighth Amendment claim, which is based on the strip search and the labelling of Plaintiff as a sovereign citizen. *Id.* at 30–34. As for the strip search, it concluded that Plaintiff failed to raise a genuine dispute of material fact that the corrections officer acted with the sufficiently culpable state of mind for the strip search to constitute cruel and unusual punishment. *Id.* at 31–32. Regarding the sovereign citizen label, the R&R concluded that Plaintiff failed to

show that he was subjected to a substantial risk of serious harm, that Defendants acted with the requisite mental state in being indifferent to that risk, or that harm resulted. *Id.* at 33–34.

The R&R concluded that Plaintiff both failed to state a claim or provide evidence to raise a genuine dispute of material fact on his claim that his time in solitary confinement amounted to slavery and involuntary servitude in violation of the Thirteenth Amendment. *Id.* at 35. In so concluding, the R&R noted that the record evidence showed that Plaintiff was duly convicted of an underlying crime before serving time in ODRC and was convicted of violating Rule 17 before being placed in solitary confinement, such that Plaintiff's claim was contrary to the express language of the Thirteenth Amendment. *Id.*

Finally, the R&R construed Plaintiff's Complaint as alleging myriad theories of due process violations but concluded that Plaintiff: (1) failed to show that his liberty interest was implicated, (2) failed to show that post-deprivation, state tort remedies were inadequate to remedy an unlawful deprivation of property, and (3) failed to demonstrate that labeling him a sovereign citizen implicated a liberty or property interest. *Id.* at 36–42.

Given that Plaintiff failed to raise a genuine dispute of material fact on any properly pled federal claim, the R&R recommended granting qualified immunity to Defendants on the individual-capacity claims and declining to exercise supplemental jurisdiction over Plaintiff's state-law claims. *Id.* at 42–44.

## 2. Objections

Plaintiff raises seven objections to the R&R. Obj., ECF No. 175.

First, Plaintiff seems to argue that, by reaching the same conclusions and recommendations as contained in the now-moot R&R, the current R&R deprived Plaintiff of "a fair opportunity to be heard" on summary judgment. *Id.* at 1.

This objection is meritless. The R&R under review addressed the current summary judgment briefing. *See* R&R 1 n.2. The Court mooted the original briefing and R&R solely for the purpose of ensuring that Plaintiff was afforded complete discovery (*i.e.*, so that any failure to raise a genuine dispute of material fact could not be attributed to a lack of adequate discovery). Plaintiff was afforded all the discovery to which he was due, and the parties were then permitted to re-brief summary judgment (adding any citations to new evidence that had come out in the additional discovery). The fact that the R&R under review reached the same conclusions as the now-moot R&R does *not* mean the Magistrate Judge considered the wrong briefs; it means the additional discovery was unhelpful for Plaintiff. At this point, Plaintiff has been afforded more than a fair opportunity to be heard; his objection to the contrary lacks merit.

Relatedly, Plaintiff continues to argue that Defendants have violated discovery orders such that summary judgment for Defendants would be inappropriate. Obj. 5–6, ECF No. 175.

As noted above, the Undersigned agrees with the Magistrate Judge's conclusion in the Second Discovery Order that Defendants had no further

discovery obligations regarding the Outside Investigation. Therefore, this objection is overruled.

Plaintiff's remaining objections are that the Magistrate Judge: (1) failed to rule on Plaintiff's motions for sanctions and for bonding information, (2) applied the wrong legal standard in the Second Discovery Order when concluding that Defendants complied with all discovery obligations connected to the Outside Investigation, (3) failed to enforce his First Discovery Order requiring Defendants to turn over information regarding the Outside Investigation, and (4) failed to file a complete transcript of the November 12, 2021 hearing. Obj. 2–5, ECF No. 175.

As explained above, the *Undersigned* ruled on the motions for sanctions and for bonding information and previously overruled Plaintiff's contentions that the Magistrate Judge's Second Discovery Order was clearly erroneous or contrary to law or that the transcript on the docket is incomplete. These continued objections are therefore likewise overruled.

Plaintiff's final objection is that the R&R fails to include a trial date, Obj. 6, ECF No. 175, but because summary judgment is warranted for Defendants, there will be no trial date, and this objection is also overruled.

In closing, it is important to note that Plaintiff failed entirely to object to the R&R's recommendation that he failed to exhaust administrative remedies or that he failed to raise a genuine factual dispute—sometimes even to state a claim— on any federal claim. As such, he forfeited his right to have the Undersigned conduct a *de novo* review of those portions of the R&R and his right to appeal the

Undersigned's adoption of the R&R on those bases.  *See, e.g.*, R&R 46, ECF No. 174 (warning Plaintiff of the potential forfeiture).

By failing to object to those conclusions and focusing instead almost entirely on Plaintiff's perceived discovery violation, Plaintiff has missed the forest for the trees.  The Undersigned has affirmed the Magistrate Judge's conclusion prohibiting further discovery regarding the Outside Investigation, and, because Plaintiff's objections continue to focus on the meritless discovery dispute rather than a specific portion of the R&R itself, the Undersigned now **ADOPTS** the R&R and **GRANTS** summary judgment to Defendants.  Given Plaintiff's forfeiture, the Undersigned certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal would not be taken in good faith.

The Clerk shall strike ECF No 176 and enter judgment for Defendants on the federal claims; the Court **DISMISSES WITHOUT PREJUDICE** the state-law claims.  The Clerk shall close this case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**